IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAMES A. WHITTINGTON,
    Plaintiff,

vs.                                    Case No.: 3:17cv129/MCR/EMT

TRACY NORWOOD,
    Defendant.
_____ /

## REPORT AND RECOMMENDATION

This cause is before the court on Plaintiff's civil rights complaint (ECF No. 1). Plaintiff also seeks leave to proceed in forma pauperis (ECF No. 2).

Because Plaintiff seeks to proceed in forma pauperis, the court may dismiss the case if satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The language in this subsection "tracks the language of Federal Rule of Civil Procedure 12(b)(6)," and thus dismissals for failure to state a claim are governed by the same standard as Rule 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir.

1997).  To survive § 1915(e)(2)(B)(ii), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation and citation omitted).  A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).  Plausibility means "more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Id.* (quotation and citation omitted).   Finally, in civil rights cases, more than "mere conclusory notice pleading" is required, and a complaint is subject to dismissal "as insufficient where the allegations it contains are vague and conclusory." Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003) (quotation and citation omitted).  Upon review of the amended complaint, the court concludes that facts set forth by Plaintiff fail to state a claim for relief that is actionable on its face.  Dismissal of this action is therefore warranted.

Plaintiff's complaint derives from an agreement or contract that Plaintiff alleges he had executed with the Defendant for the purchase of her house in Baghdad, Florida,

Case No.:  3:17cv129/MCR/EMT

for $45,000.00. Plaintiff claims that Defendant breached that agreement, claiming that she was only renting the house to him, not selling, and ultimately forced him out of the house. As relief, Plaintiff seeks monetary damages.

Although Plaintiff states that his complaint is brought pursuant to the court's federal question jurisdiction, none exists. Section 1331 of Title 28 provides district courts with subject-matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Whether a claim "arises under" federal law is determined by the well-pleaded complaint rule, which permits federal question jurisdiction "'only when a federal question is presented on the face of a properly pleaded complaint.'" Hill v. BellSouth Telecomm., Inc., 364 F.3d 1308, 1314 (11th Cir. 2004) (quoting Smith v. GTE Corp., 236 F.3d 1292, 1310 (11th Cir. 2001)). Thus, Plaintiff must present a substantial federal question on the face of the complaint in order to invoke the district court's jurisdiction. Wyke v. Polk Cnty. School Bd., 129 F.3d 560, 566 (11th Cir. 1997). Here, there is no indication at all that the complaint is raised under any federal law or the United States Constitution; rather, Plaintiff's claim sounds in ordinary contract, which is a matter of state law and therefore should be raised in the state courts. *See, e.g.,* Giannetti Bros. Const. Corp. v. Lee County, Fla., 585 F. Supp. 1214, 1216–17

(M.D. Fla. 1984); Austin v. MBNA America, No. 3:06CV1071-MHT, 2006 WL 3496655, at *1 (M.D. Ala. Dec. 4, 2006).

In cases between private parties such as this, the possibility of diversity jurisdiction exists. In order to establish a claim in federal court, a plaintiff must demonstrate 1) that complete diversity exists, that is, that the plaintiff and all defendants must be citizens of different states; and 2) that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332; MacGinnitie v. Hobbs Group, LLC, 420 F.3d 1234, 1239 (11th Cir. 2005) (noting that "[c]omplete diversity requires that no defendant in a diversity action be a citizen of the same state as any plaintiff"). Here, both Plaintiff and Defendant reside in Port St. Joe, Florida; thus, even if the jurisdictional amount could be met (which does not appear to be the case), diversity jurisdiction is unavailable.

"A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Sammie Bonner Const. Co., Inc. v. Western Star Trucks Sales, Inc., 330 F.3d 1308, 1311 (11th Cir. 2003) (quoting Fitzgerald v. Seaboard System R.R. Inc., 760 F.2d 1249, 1251 (11th Cir. 1985)). A federal court must always dismiss a case upon determining that it lacks subject matter jurisdiction, regardless of the stage of the proceedings, and facts outside of the pleadings may be considered as part of that determination. *See, e.g.*, Smith v.

Case No.: 3:17cv129/MCR/EMT

GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001) ("[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises.").

It is clear from the facts of this case that this court does not have jurisdiction over the subject matter of this case. Therefore the case is properly subject to dismissal.

Accordingly, it respectfully **RECOMMENDED**:

1. That the complaint be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

2. That all pending motions be denied as moot.

At Pensacola, Florida, this 16th day of March 2017.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

Case No.: 3:17cv129/MCR/EMT

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No.:  3:17cv129/MCR/EMT